UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-086 (PJS/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | GOVERNMENT'S MOTION FOR |
| ) | DISCOVERY |
| 1. MANUEL DENIS MARTINEZ, and ) | |
| ) | |
| 2. GABRIEL EDUARDO LEMOIRE, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the United States of America, by and through its undersigned attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and hereby moves this Honorable Court for the following:

1. An order requiring each of the defendants, pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, to disclose and to permit inspection and copying of the following:

   a. <u>Documents and Tangible Objects</u>. All books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in the defendant's case-in-chief at trial.

   b. <u>Reports of Examinations and Tests</u>. All results and reports of physical or mental examinations and of scientific tests or experiments made in connection with the above-captioned matter, or copies thereof, within the possession or control of the

defendant, which the defendant intends to introduce as evidence in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at trial.

      c.    <u>Expert Testimony</u>. A written summary of testimony the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial. This summary must describe the opinions of the witnesses, the bases and reasons therefore, and the witnesses' qualifications. The government respectfully requests that the Court order that expert disclosures for both parties, if any, be made 30 days before trial. Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. Such an order would also provide the opposing party ample time to obtain a rebuttal expert and prepare a rebuttal report in advance of trial. Accordingly, the government also requests that any rebuttal experts be noticed, and any rebuttal expert disclosures be produced to the opposing party, no later than 10 days before trial.

    2.    An order pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure requiring each of the defendants, if the defendant intends to rely upon the defense of alibi, to notify the government in writing and file a notice with the clerk no later than the date of the motions hearing. The notice must state the specific place where the defendant claims to have been at the time of the alleged offense, and the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.

    3.    An order pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure requiring each of the defendants, if the defendant intends to rely upon the defense of

insanity at the time of the alleged offense, or introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt, to notify the government in writing and file a notice with the clerk no later than the date of the motions hearing.

4.  An order pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure requiring each of the defendants, if the defendant intend to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, to notify the government in writing and file a notice with the clerk no later than the date of the motions hearing.  The notice must contain the law enforcement agency or foreign intelligence agency involved; the agency member on behalf the defendant claims to have acted; and the time during which the defendant claims to have acted with public authority.

5.  An order pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure requiring each of the defendants to produce all statements in the defendant's possession or control of any witness that the defendant calls in connection with a suppression hearing, detention hearing, trial or sentencing.

Dated:   May 18, 2022                          Respectfully submitted,

ANDREW M. LUGER
United States Attorney

s/ *Thomas M. Hollenhorst*
BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322